FILED
SUPERIOR COURT
OF GUAM

2014 JUL 28 AM 11: 57

CLERK OF COURT
BY: Q

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

vs.

MATEO BLANCO SARDOMA, JR.,
RUDY PAUL HERNANDEZ SABLAN,
and MARIA CRISTINA P. EDROSA,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case Nos. CF 0402-11, CF 0601-11

DECISION AND ORDER ON
DEFENDANT SARDOMA'S MOTION
TO DISMISS CHARGES AND CASE

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on April 29, 2014 on Defendant Sardoma's Motion to Dismiss Charges and Case. Attorney Curtis C. Van de veld represents Defendant Sardoma and Assistant Attorney General James C. Collins represents the Government. For the reasons set forth below, the Court denies Defendant Sardoma's Motion.

## BACKGROUND

On August 9, 2011, a Guam grand jury returned an Indictment (First Guam Indictment) against Defendant Sardoma in relation to alleged drug possession and importation. On November 4, 2011, a Guam grand jury returned an Indictment (Second Guam Indictment and, collectively, Guam Indictments) against Defendants in relation to alleged drug possession, gun possession, kidnapping, assault, and criminal enterprise. On February 15, 2012, a federal grand jury returned an Indictment (Federal Indictment) against Defendants also in relation to an alleged criminal enterprise.

On January 28, 2014, Defendant Sardoma filed his Motion with respect to the Second Guam Indictment seeking dismissal on the basis of the Fifth Amendment's prohibition against



double jeopardy.[1] Defendant Sardoma also represented to the Court that the Motion applies to the First Guam Indictment. Defendant Sardoma asserts that he is in federal custody as a result of the Federal Indictment "on some of the same charges involving the same factual matters" as set forth in the Guam Indictments. Citing Grafton v. United States, 206 U.S. 333 (1907), Defendant Sardoma argues that "[a]s the Federal government is the sole sovereign for both the jurisdiction of the District Court of Guam and the territorial courts under 48 USC § 1424, et seq., a prosecution in one court creates a bar under the United States Constitution to prosecution in both courts[.]" Defendant Sardoma concludes that "since [he] has been tried in the District Court of Guam, this court must now dismiss the charges as jeopardy has attached in that court[.]"

On February 25, 2014, the Government filed its Opposition to Defendant Mateo B. Sardoma's Motion to Dismiss Charges and Case. The Government acknowledges "that successive prosecutions by federal and territorial courts can potentially be barred by double jeopardy under the theory that the powers exerted by the territorial courts and the federal district courts both spring entirely from the same sovereign, the United States federal government." The Government, however, argues that the ongoing federal prosecution does not preclude either Guam prosecution of Defendant Sardoma because there is no double jeopardy pursuant to the framework set forth by Blockburger v. United States, 284 U.S. 299 (1932), and its progeny. The Government also contends Defendant Sardoma's double jeopardy arguments are premature until his federal convictions are finalized.

On April 29, 2014, the Court heard oral argument and took the matter under advisement.

## DISCUSSION

The double jeopardy clause of the Fifth Amendment of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The clause, which applies to Guam by virtue of the Organic Act, protects "against a second prosecution of the same offense after acquittal or conviction, and it protects against multiple punishments for the same offense." People v. Aguirre, 2004 Guam 21, ¶ 13 (citing

---

[1] On January 30, 2014, Defendant Sablan joined Defendant Sardoma's Motion. On July 18, 2014, the Court accepted the Plea Agreement reached between the Government and Defendant Sablan. The Court therefore considers the Joinder withdrawn. In any event, Defendant Sablan offered no specific arguments aside from joining Defendant Sardoma's Motion, which fails for the reasons set forth herein.

_Ohio v. Johnson_, 467 U.S. 493, 498 (1984)). "Where the same act or transaction constitutes a violation of _two distinct statutory provisions_, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." _People v. San Nicolas_, 2001 Guam 4, 11 (quoting _Blockburger_, 284 U.S. at 304) (emphasis in original); see also _People v. Aguirre_, 2004 Guam 21, ¶ 18 ("[A] defendant may be prosecuted for multiple offenses arising from the same conduct if the conduct establishes the commission of more than one offense.").

It is well-settled that the double jeopardy clause allows federal and state governments to bring successive prosecutions for offenses arising out of the same criminal act. _Heath v. Alabama_, 474 U.S. 82, 88 (1985); _Abbate v. United States_, 359 U.S. 187, 195 (1959). "The 'dual sovereignty' concept does not apply, however, in every instance[, as] a territorial government is entirely the creation of Congress, 'and its judicial tribunals exert all their powers by authority of the United States.'" _United States v. Wheeler_, 435 U.S. 313, 318-19, 321 (1978) (quoting _Grafton_, 206 U.S. at 354). Because federal and territorial courts "are creations emanating from the same sovereignty," a "[p]rosecution under one of the laws in the appropriate court, necessarily, will bar a prosecution under the other law in another court." _People of Puerto Rico v. Shell Co._, 302 U.S. 253, 264-65 (1937)); see also _Wheeler_, 435 U.S. at 321 (In the context of federal and territorial prosecution, there "are not two separate sovereigns to whom the citizen owes separate allegiance in any meaningful sense, but one alone."). In _Grafton_, for example, the Court held that a soldier who had been acquitted of murder in federal court could not be retried for the same offense in a territorial court in the Philippines. _Wheeler_, 435 U.S. at 318 (citing _Grafton_, 206 U.S. at 354). Later, when considering "substantially identical" federal and Puerto Rico statutory provisions, the Court "reiterated that successive prosecutions by federal and territorial courts are impermissible because such courts are 'creations emanating from the same sovereignty.'" _Id._ (quoting _Shell_, 302 U.S. at 256, 264-65).

Defendant Sardoma would have the Court end its inquiry here, with dismissal warranted on account of Guam's status as a Territory of the United States in accordance with the Organic Act, 48 USC § 1421a. To be sure, the Government concedes—and this Court assumes—that Guam cannot possess the status of a state for double jeopardy purposes in light of _Heath_ and _Wheeler_. The Government, however, urges the Court to employ the _Blockburger_ analysis

because its application is nevertheless required in instances of successive federal and territorial prosecution.

Although the Court discerns no controlling precedent from Guam or the Ninth Circuit,[2] the Court is persuaded by federal appellate case law that "[s]uccessive prosecutions even by the same sovereign do not violate double jeopardy principles if the second prosecution involved substantively different offenses [pursuant to Blockburger]." United States v. Perez-Perez, 72 F.3d 224, 226 (1st Cir. 1995) (performing Blockburger analysis under assumption that dual sovereignty is not applicable to Puerto Rico on ground that it is not a sovereign distinct from the federal government); United States v. Hodge, 211 F.3d 74, 77-78 (3rd Cir. 2000) (applying Blockburger after observing that "the Virgin Islands and the federal government are considered one sovereignty for the purpose of determining whether an individual may be punished under both Virgin Islands and United States statutes for a similar offense growing out of the same occurrence"); United States v. Sanchez, 992 F.2d 1143, 1150, on reconsideration, 3 F.3d 366, 367 (11th Cir. 1993) (applying Blockburger and noting that "under Heath v. Alabama, prosecutions in territorial courts are not protected by the dual sovereignty doctrine from application of the Double Jeopardy Clause"). Thus, Guam's status as a territory cannot be dispositive in the instant matter. Where, as here, a defendant faces territorial and federal charges arising out of a common course of conduct, dismissal may be warranted only if the charged offenses are sufficiently similar.

The Government correctly concludes that Blockburger applies, then proceeds to argue that "even a cursory review of the [Guam Indictments] indicates that [the charges] are distinct from those contained in the Federal Indictment." Defendant Sardoma, on the other hand, articulates no argument or comparison with respect to the specific charges against him in the Guam Indictments and Federal Indictment. Defendant Sardoma instead baldly asserts that "since [he] has been tried in the District Court of Guam, this court must now dismiss the charges as jeopardy has attached in that court and this court is now barred by the Fifth Amendment limitation against twice being put to jeopardy." Simply put, Defendant Sardoma's

---

[2] But see United States v. Carriaga, 117 F.3d 1426, *1 (9th Cir. 1997) (unpublished) ("The government concedes that Guam and the federal government are a single sovereign. Thus, while a state and the federal government, as dual sovereigns, could bring successive prosecutions for the same offense, double jeopardy would prevent the federal government and one of its territories from doing the same thing." (internal citations omitted)).

only argument for dismissal rests on Grafton and the fact that Guam and the United States are not separate sovereigns. As set forth above, this contention is without merit.

Moreover, the Court is mindful that "an accused must suffer jeopardy before he can suffer double jeopardy." People v. Manila, 2005 Guam 6, ¶ 23 (quoting Serfass v. United States, 420 U.S. 377, 393 (1975)). Although Defendant Sardoma affixed the Federal Indictment to his Motion, he failed to provide the Court with any indication of whether he was tried on each count in the Federal Indictment or whether the trial on the Federal Indictment resulted in a conviction, acquittal, or mistrial for each count. Not only is it clear that jeopardy has yet to attach with respect to the Guam Indictments, but also the Court is at a loss as to the attachment of jeopardy with respect to the Federal Indictment. See Manila, 2005 Guam 6, ¶ 11, n.4 (Jeopardy attaches in a jury trial once the jury is empanelled and sworn, or in a bench trial when the court begins to hear evidence.); United States v. Faber, 57 F.3d 873, 874-75 (9th Cir. 1995) (Jeopardy attaches upon a defendant's plea of guilty, albeit only to those counts of an indictment to which the defendant pleads guilty.).

Considering the sole ground for Defendant Sardoma's Motion is not meritorious and he otherwise fails to articulate an argument based on Blockburger, the Court declines to engage in a speculative Blockburger analysis. The Court, therefore, denies Defendant Sardoma's Motion.

## CONCLUSION

In light of the foregoing, the Court DENIES Defendant Sardoma's Motion to Dismiss Charges and Case. The Government shall prepare a Writ of Habeas Corpus AD PROSEQUENDUM for Defendants Sardoma and Edrosa to appear for Trial Setting on August, 12, 2014 at 3:00 P.M.

**IT IS SO ORDERED** this day of July 28, 2014.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam